UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LUIS FERNANDO MAZARIEGOS,

        Petitioner,

        v.                                                           Case No. 07-C-319

ROBERT HUMPHREYS, Warden,

        Respondent.

**DECISION AND ORDER DISMISSING HABEAS CORPUS PETITION DUE TO PROCEDURAL DEFAULT OF CLAIMS**

### I. PROCEDURAL BACKGROUND

On April 4, 2007, the petitioner, Luis Fernando Mazariegos ("Mazariegos"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 12, 2007, United States District Judge William C. Griesbach, to whom this action was originally assigned, issued an order pursuant to Rule 4 of the Rules Governing § 2254 Cases. On May 1, 2007, this action was reassigned to this court based on the parties' consent to proceed before a magistrate judge, and on May 2, 2007, this court entered an amended scheduling order. Thereafter, on May 25, 2007, the respondent filed a motion to dismiss Mazariegos's petition for a writ of habeas corpus and a motion to stay the time for the respondent to file his answer to the petition. The respondent's motion to dismiss is predicated on the claim that Mazariegos procedurally defaulted all of his claims in state court. On May 29, 2007, this court granted the respondent's motion to stay and issued a briefing schedule to govern the respondent's motion to dismiss. Under that schedule, the petitioner was to file his response to the motion to dismiss on or before June 25, 2007.

On June 5, 2007, the petitioner filed a document captioned "Motion for Stay and Petition for Abeyance on 28 U.S.C. § 2254 Federal Habeas Proceedings Pending Exhaustion of Unexhausted Constitutional Claims in the State of Wisconsin's Court of Appeals and the Supreme Court." On June 7, 2007, this court denied Mazariegos's motion without prejudice.

Thereafter, on June 22, 2007, Mazariegos filed his response to the respondent's motion to dismiss. On July 6, 2007, the respondent filed his "Response in Support of Motion to Dismiss Petition for a Writ of Habeas Corpus." Attached as an exhibit to the respondent's "Response" was an order of the Wisconsin Court of Appeals dated June 26, 2007, denying Mazariegos's motion to reinstate his appeal (which appeal had been dismissed on March 16, 2007, due to Mazariegos's failure to timely either pay the filing fee or petition for fee waiver).

The respondent's motion to dismiss in now fully briefed and is ready for resolution. For the reasons which follow, the respondent's motion to dismiss will be granted.

## II.  HABEAS CORPUS STANDARDS

Federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Moffat v. Gilmore*, 113 F.3d 698, 702 (7th Cir. 1997); *see also Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc) ("'[F]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law.'") (quoting *Hass v. Abrahamson*, 910 F.2d 384, 389 (7th Cir. 1990)).

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214, which provides, in pertinent part, that the federal courts may not grant habeas relief under Section 2254 unless the state court's judgment

2

On June 5, 2007, the petitioner filed a document captioned "Motion for Stay and Petition for Abeyance on 28 U.S.C. § 2254 Federal Habeas Proceedings Pending Exhaustion of Unexhausted Constitutional Claims in the State of Wisconsin's Court of Appeals and the Supreme Court." On June 7, 2007, this court denied Mazariegos's motion without prejudice.

Thereafter, on June 22, 2007, Mazariegos filed his response to the respondent's motion to dismiss. On July 6, 2007, the respondent filed his "Response in Support of Motion to Dismiss Petition for a Writ of Habeas Corpus." Attached as an exhibit to the respondent's "Response" was an order of the Wisconsin Court of Appeals dated June 26, 2007, denying Mazariegos's motion to reinstate his appeal (which appeal had been dismissed on March 16, 2007, due to Mazariegos's failure to timely either pay the filing fee or petition for fee waiver).

The respondent's motion to dismiss in now fully briefed and is ready for resolution. For the reasons which follow, the respondent's motion to dismiss will be granted.

## II.  HABEAS CORPUS STANDARDS

Federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Moffat v. Gilmore*, 113 F.3d 698, 702 (7th Cir. 1997); *see also Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc) ("'[F]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law.'") (quoting *Hass v. Abrahamson*, 910 F.2d 384, 389 (7th Cir. 1990)).

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214, which provides, in pertinent part, that the federal courts may not grant habeas relief under Section 2254 unless the state court's judgment

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A rule is 'clearly established' only if it is compelled by existing Supreme Court precedent." *Henry v. Page*, 223 F.3d 477, 480 (7th Cir. 2000) (quoting *Hogan v. Hanks*, 97 F.3d 189, 192 (7th Cir. 1996)). A federal habeas court may not rely on its own precedent or that of circuit courts of appeals. There must be Supreme Court precedent to support the petitioner's claim and that Supreme Court precedent must have clearly established the relevant legal principle as of the time of the petitioner's direct appeal. *Schaff v. Snyder*, 190 F.3d 513, 522 (7th Cir. 1999).

A state court decision results in an "unreasonable application" of clearly established federal law when that court either (1) "identifies the correct governing legal rule from [Supreme Court precedent] but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000); *see also Harris v. Cotton*, 365 F.3d 552, 555 (7th Cir. 2004). However, a federal habeas court may not grant relief under the "unreasonable application" prong unless the state court's application of Supreme Court precedent "l[ies] well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002). A state court decision "'minimally consistent with the facts and circumstances of the case'" is not unreasonable. *Conner v. McBride*, 375 F.3d 643, 649 (7th Cir. 2004) (citation omitted).

Issues of fact found by a state court are presumed to be correct unless the petitioner rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Williams v. Parke*, 133 F.3d 971, 973 (7th Cir. 1997).

The AEDPA's deferential standard of review only applies where a state court has adjudicated a petitioner's claim on the merits. *Canaan v. McBride*, 395 F.3d 376, 382 (7th Cir. 2005); *Braun v. Powell*, 227 F.3d 908, 916 (7th Cir. 2000). Where there is no state court decision on the merits, a federal habeas court applies the standard of 28 U.S.C. § 2243, and disposes of the petitioner's claim "as justice and law require." *Id.* at 917.

That having been said, before a federal court may review the merits of a habeas petition, a petitioner must: (1) exhaust all remedies available in state courts and (2) fairly present any federal claims in state court first, or risk procedural default. *See Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) ("Failure to exhaust available state court remedies constitutes a procedural default."); *see also Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996) (same). "The habeas petitioner must present his federal constitutional claims initially to the state courts in order to give the state 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1997) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (internal quotations omitted). This means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005). In other words, the petitioner must have fairly presented his claim to all levels of the state judiciary, including a petition for discretionary review in the state's highest court. *Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006). Although

4

interrelated, courts have discussed exhaustion of state remedies and procedural default as separate issues.

A petitioner has exhausted his state court remedies "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985). "If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted." *Guest v. McMann*, 474 F.3d 926, 930 (7th Cir. 2007); *see also Badelle v. Correll*, 452 F.3d 648, 661 (7th Cir. 2006).

The procedural default hurdle forbids the federal courts from addressing claims that were not fairly presented to the state court. *Jones v. Washington*, 15 F.3d 671, 675 (7th Cir. 1994). Procedural default occurs either when a state court has declined to address a federal claim because the petitioner failed to satisfy an independent state procedural requirement, *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991), or when the petitioner fails to present a claim to the state courts at the time, and in the way, required by the state, *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir. 1996).

A petitioner's claims are also procedurally defaulted if the petitioner fails to comply with a state procedural rule while presenting his or her federal claims to the state courts, and the state court's ruling against the petitioner rests on the state procedural rule. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). In order for this bar to apply, the state procedural rule must be independent of the federal question and adequate to support the judgment. *Perry v. McCaughtry*, 308 F.3d 682, 688 (7th Cir. 2002). A state court determination is independent of federal law if it does not depend upon the merits of a federal constitutional ruling. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002). A state court finding of procedural default is adequate only if the procedural rule the state court

5

applied is "firmly established and regularly followed." *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000) (citing *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)). Whether a procedural rule is independent is a question of state law, and whether it is adequate is governed by federal law. *Liegakos v. Cooke*, 106 F.3d 1381, 1385 (7th Cir. 1997).

Under the doctrine of procedural default, a federal habeas court will not review defaulted claims unless the petitioner demonstrates either (1) cause for the procedural default and actual prejudice resulting from the alleged violation of federal law, or (2) that failure to consider the claims would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749-50 (quoting *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). The petitioner bears the burden of establishing that his procedural default is excused by one of these two exceptions. *See McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991).

To satisfy the cause and prejudice standard, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. The petitioner must also show that the errors of which he complains "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in original). To demonstrate that a fundamental miscarriage of justice would result from a refusal to consider the defaulted claims, the petitioner is required to show that he is "'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray*, 477 U.S. at 496). "This standard requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999).

6

## III. DISCUSSION

The parties' respective submissions demonstrate that Mazariegos is currently in the respondent's custody at the Racine Correctional Institution. The cause of Mazariegos's custody is a judgment of conviction in Milwaukee County Circuit Court for one count of first-degree sexual assault of a child. Mazariegos was convicted on his guilty plea on January 31, 2005, and on May 16, 2005, he was sentenced to twenty years' imprisonment, consisting of ten years of initial confinement and ten years of extended supervision.

On October 14, 2005, Mazariegos filed a postconviction motion pursuant to Wis. Stat. § 974.02 seeking to withdraw his guilty plea on the grounds that his trial counsel was ineffective for failing to: (1) object to the State's alleged breach of the plea agreement; (2) discuss with him the possibility of plea withdrawal; and (3) get his permission to stipulate to the facts in the complaint as the factual basis for his plea and to explain to him the charge to which he pled guilty. Mazariegos also argued that his plea was not knowingly, intelligently, and voluntarily entered because the trial court did not establish an adequate factual basis for the plea. The circuit court denied Mazariegos's motion, and he appealed to the Wisconsin Court of Appeals, which affirmed the circuit court's judgment of conviction and its order denying Mazariegos's motion to withdraw his plea in a twenty-five page decision issued on November 7, 2006. Mazariegos did not file a petition for review with the Wisconsin Supreme Court, and the court of appeals issued its remittitur on December 12, 2006.

On January 4, 2007, Mazariegos began a collateral challenge to his conviction by filing a motion for postconviction relief pursuant to Wis. Stat. § 974.06 in the Milwaukee County Circuit Court. In his motion, Mazariegos argued that his postconviction counsel was ineffective for failing to move to suppress his custodial statement to the police because: (1) it was coerced; (2) he did not

7

knowingly waive his right to self-incrimination because his *Miranda* rights were not explained to him in Spanish and he was not provided an interpreter; (3) he was improperly denied his request for an interpreter and counsel during the interrogation; (4) his confession was written by the interrogator and not translated to correct for inaccuracies; and (5) his *Miranda* rights were not read to him until the end of his interrogation. He also argued that his guilty plea was a result of his improper confession, and he should be allowed to withdraw his guilty plea. On January 5, 2007, the circuit court denied his motion, concluding that Mazariegos had specifically waived his right to challenge his confession when he pled guilty, and that he could not premise a challenge to his counsel's performance on that basis.

Mazariegos began an appeal of the circuit court's order denying his Wis. Stat. § 974.06 motion, but the Wisconsin Court of Appeals dismissed the appeal on March 16, 2007, because Mazariegos had failed to pay the appeal's filing fee or seek its waiver.

As stated previously, on April 4, 2007, Mazariegos filed this federal habeas petition. In his petition, Mazariegos asserts: (1) that his guilty plea was the result of an involuntary confession; (2) that his guilty plea was the result of a coerced confession; (3) that his trial counsel was ineffective for failing to object to the state's breach of the plea agreement, for failing to honor Mazariegos's request to withdraw his guilty plea, and for not seeking to suppress his confession; and (4) that his postconviction counsel was ineffective for failing to argue that his trial counsel was ineffective for failing to move to suppress Mazariegos's confession, for not properly explaining the nature of the charges and their factual basis to Mazariegos before he pled guilty, and for not obtaining Mazareigos's permission to stipulate to the factual basis for the plea.

Two of Mazariegos's ineffective assistance of counsel claims, i.e., that his trial counsel was ineffective for failing to object to the state's breach of the plea agreement and for not moving for plea withdrawal, were raised in his direct appeal. Those claims were considered and rejected by the Wisconsin Court of Appeals in its decision of November 7, 2006. Mazariegos had thirty days after the court of appeals issued it opinion, i.e., on or before December 7, 2006, by which to file a petition for review with the Wisconsin Supreme Court. *See* Wis. Stat. §§ 808.10, 809.62. Mazariegos did not file a petition for review with the Wisconsin Supreme Court at any time. Moreover, Mazariegos could not now seek permission to file a belated petition for review. *See First Wisconsin Nat'l Bank of Madison v. Nicholaou*, 87 Wis. 2d 360, 364-66, 274 N.W.2d 704, 706-07 (1979) (time period for filing a petition for review cannot be extended). Such being the case, Mazariegos has procedurally defaulted those particular ineffective assistance of counsel claims which were presented in his direct appeal. As previously stated, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

To be sure, Mazariegos has asserted additional claims in this federal habeas corpus proceeding. And those claims appear to have been presented to the Milwaukee County Circuit Court in Mazariegos's § 974.06 motion for postconviction relief. But, those claims were denied by that court in its decision and order of January 5, 2007. Mazariegos thereafter commenced the appeal process to have that decision reviewed by the Wisconsin Court of Appeals. But, the court of appeals dismissed his appeal due to his failure to pay the appeal's filing fee or seek a waiver thereof. *See* Wis. Stat. § (Rule) 809.25(2)(a)1.

In its order of January 30, 2007, the court of appeals stated:

9

> The **filing fee** for the notice of appeal in [State v. Luis F. Mazariegos, Appeal No. 2007AP000258] has not been received as required by Rule 809.25(2).
>
> **IT IS ORDERED** that this matter be subject to dismissal under Rule 809.83 unless, within ten days of the date of this order, the $195.00 filing fee is received by the clerk of this court, or good cause is shown for waiving the fee by filing the petition for waiver of fees forwarded with this order.

But neither the filing fee nor a petition for waiver of fees was filed by Mazariegos. And so, on March 16, 2007, the court of appeals issued the following order in Mazariegos's appeal.

> On January 30, 2007, Luis Fernando Mazariegos, defendant-appellant, was informed that he was to pay the $195.00 filing fee within ten days or the appeal would be dismissed. The filing fee has not been paid and no petition for waiver of the filing fee has been filed.
>
> **IT IS ORDERED** that the appeal is dismissed pursuant to RULE 809.83(2).[1]

Interestingly, at page 5 of his federal habeas corpus petition Mazariegos seems to acknowledge that he neither paid the filing fee nor filed a petition for waiver of the fee, asserting that "Mazariegos decide[ed] not to pursue appeal." (Pet. ¶ III, B, 9.)

Such being the case, Mazariegos has procedurally defaulted all of the claims that were presented in his § 974.06 postconviction motion if the court of appeals' dismissal of his appeal due to his failure to pay or seek waiver of the filing fee was predicated on an independent and adequate state procedural rule. *See Perry v. McCaughtry*, 308 F.3d 682, 688 (7th Cir. 2002). In my opinion,

---

[1] Rule 809.83(2) reads as follows:

NONCOMPLIANCE WITH RULES.

Failure of a person to comply with a court order or with a requirement of these rules, other than the timely filing of a notice of appeal or cross-appeal, does not affect the jurisdiction of the court over the appeal but is grounds for dismissal of the appeal, summary reversal, striking of a paper, imposition of a penalty or costs on a party or counsel, or other action as the court considers appropriate.

10

the state court of appeals' dismissal of his appeal for his failure to pay the fee or seek waiver thereof was predicated on an independent and adequate state procedural rule.

Under Wis. Stat. § (Rule) 809.83(2), the court of appeals is allowed to dismiss an appeal for a party's failure to comply with the rules of appellate procedure. In turn, Wis. Stat. § (Rule) 809.25(2)(a)1 requires payment of a fee in order to file an appeal, and payment of such fee or seeking its waiver is necessary in order to perfect an appeal under Wisconsin law. *See State v. Sorenson*, 2000 WI 43, ¶ 34, 234 Wis. 2d 648, 611 N.W.2d 240; *Douglas v. Dewey*, 147 Wis.2d 328, 341 n.5, 433 N.W.2d 243, 247 n.5 (1989).

On January 30, 2007, the court of appeals specifically informed Mazariegos that his appeal would be dismissed in ten days if he failed to pay the filing fee or failed to seek its waiver. Because the court received neither the filing fee nor a petition from Mazariegos seeking its waiver, the court dismissed his appeal. This was consistent with the court's procedures. *See* Wisconsin Court of Appeals Internal Operating Procedures VI (3)(h) and (13) (2005-06). In light of the foregoing, it is clear that the court of appeals dismissed Mazariegos's appeal pursuant to an independent and adequate procedural rule. Thus, absent Mazariegos's being able to show either cause and prejudice or that a fundamental miscarriage will result if this court does not address his claims on their merits, the court is barred from reviewing the merits of such claims.

In his response to the motion to dismiss, which response was filed on June 22, 2007, Mazariegos makes no attempt to demonstrate either cause and prejudice or fundamental miscarriage of justice. Instead, Mazariegos merely informs this court that on June 11, 2007, he filed with the Wisconsin Court of Appeals a motion for reinstatement of his appeal from the denial of his § 974.06

11

postconviction motion. On July 6, 2007, the respondent advised this court that, unfortunately for Mazariegos, on June 26, 2007, the court of appeals denied Mazariegos's motion, stating as follows:

> Luis Fernando Mazariegos asks the court to reinstate his appeal. His appeal was dismissed on March 16, 2007, because he did not pay the filing fee or petition for a fee waiver. The case has since been remitted to the circuit court and this court no longer has jurisdiction to act.
>
> Therefore,
>
> **IT IS ORDERED** that the motion to reinstate is denied.

Given the foregoing, the conclusion that Mazariegos has procedurally defaulted all of his claims is inescapable. As previously stated, "[i]f a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted." *Guest v. McMann*, 474 F.3d 926, 930 (7th Cir. 2007). And because Mazariegos has procedurally defaulted all of his claims, this court may not address any of his claims on their merits. It therefore follows that Mazariegos's petition for a writ of habeas corpus must be dismissed.

**NOW THEREFORE IT IS ORDERED** that the respondent's motion to dismiss Mazariegos's petition for a writ of habeas corpus (dkt # 17) be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**SO ORDERED** this 22nd day of January 2008, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge